IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARRELL LEONARD,

    Plaintiff,                                  OPINION AND ORDER

v.                                                       12-cv-755-wmc

GARY H. HAMBLIN, *et al.*,

    Defendants.

---

State inmate Jarrell Leonard has filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement different facilities within the Wisconsin Department of Corrections ("WDOC"). He has been found indigent and he requests leave to proceed without prepayment of the filing fee for purposes of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Leonard's request for leave to proceed must be denied for reasons set forth below.

FACTS

The plaintiff, Jarrell Leonard, is presently confined at the Waupun Correctional Institution. Previously, he was to the Wisconsin Secure Program Facility ("WSPF") in Boscobel and the Jackson Correctional Institution ("JCI"). The defendants include former

WDOC Secretary Gary H. Hamblin; Administrator of Adult Institutions Cathy Jess; WSPF Warden Tim Haines; former JCI Warden Randall Hepp; Captain Foster; Lieutenant Hagberg; F. King; Lieutenant Burlingame; Jodi Dougherty; T. Waldera; P. Schulz; M. Schapf; Christine Beerkircher; Lieutenant La Costa; M. Olsen; C.O. II Walker; John Bauer; and Jane Does 1 through 6.

The complaint in this case consists of approximately 184 numbered paragraphs, followed by a section detailing Leonard's request for relief. At the outset, Leonard claims that the named defendants, collectively, have "intentionally delay[ed], hinder[ed], impair[ed] and arbitrar[ily] and irrationally placed obstacles in the path" of his ability to seek judicial review of grievances. He alleges in general that (1) disciplinary proceedings lack due process; (2) placement in temporary lock-up status ("TLU") and changes in security classification are based on inaccurate information; and (3) prison transfers are carried out for punitive reasons. In particular, Leonard claims that defendants, collectively, enforce a custom and policy of transferring "incarcerated persons" who are "troublemakers" in order to "lessen [their] influence" on the rest of the inmate population. He believes that this practice constitutes improper "retaliation" for the "exercise of [a] protected right," but he does not explain what right that might be.

In support of these general allegations, Leonard finds fault with a series of conduct reports and disciplinary proceedings that he contends were undertaken without adequate due process. Leonard objects to his transfer from JCI to WSPF, where the conditions are unduly restrictive and harsh. Leonard takes issue with an assortment of conditions and practices at WSPF. He also lists several prison administrative policies by number, alleging that they are unconstitutional. He contends that various offender complaints have been dismissed without adequate investigation. He maintains that defendant Jess eliminated a "legal routing" policy

that was previously authorized by an out-of-court settlement in *Dugan et al. v. Sondalle,* Case No. 89-cv-332 (April 13, 1992), which frustrates the ability of inmates to receive "legal services" from other inmates. Leonard contends he has been denied a nutritional diet and access to personal items, such as finger-nail clippers. He reportedly has endured unspecified acts of harassment. Leonard faults the hiring practices and training programs for correctional officers. He seeks a permanent injunction barring his transfer to another prison during the course of this litigation, as well as compensatory damages in the amount of $10 billion and punitive damages in the amount of $6 billion per defendant. He requests appointment of counsel and leave to proceed with this case as a class action.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). To demonstrate liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In this instance, Leonard's complaint consists of a laundry list of claims that are for the

most part unsupported by specific facts showing that he is entitled to relief. The pleading standard announced in Fed. R. Civ. P. 8(a) does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-78 (2009) (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). It is particularly difficult to distinguish how each individual defendant was involved with the many claims that Leonard is attempting to raise. Because he does not provide a short and plain statement of the facts in support of his claims, the proposed complaint does not meet the pleading standard found in Rule 8(a). For this reason, the complaint must be dismissed without prejudice for failure to state a claim.

In addition to the complaint's shortcomings under Rule 8(a), Leonard clearly lodges claims against multiple defendants in a manner that does not comply with federal pleading rules on joinder. Specifically, a plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). As a corollary, a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a).

In this case, Leonard fails to demonstrate how the defendants are related to a single transaction or common question of law and fact. By lodging unrelated claims against multiple defendants, the complaint does not comport with the federal pleading rules found in Fed. R. Civ. P. 18(a) or 20(a). The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to

4

prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit having instructed that "buckshot complaints" should be "rejected," Leonard's complaint is also subject to dismissal for violating these rules. *Id.*

Leonard may file an amended complaint in this case to cure the deficiencies outlined above. To proceed, plaintiff must file an amended complaint within thirty days of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of his claims, *see* Fed. R. Civ. P. 8(a), and must include only those claims and defendants that relate to a single transaction or common question of law and fact for purposes of Fed. R. Civ. P. 18(a), 20(a). Any unrelated claims not pursued in this case must be brought in a separate action. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Jarrell Leonard's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to state a claim.

2. Leonard's motion for appointment of counsel (dkt. # 5) and his implicit motion for class certification are DENIED as MOOT.

3. To proceed, plaintiff must file an amended complaint **within thirty days** of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of the facts in support of his claims, *see* Fed. R. Civ. P. 8(a), and must include only those claims and defendants that relate to a single transaction or common question of law and fact for purposes of Fed. R. Civ. P. 18(a), 20(a).

4. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 29th day of January, 2014.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge